**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CESAR PAZ NEGRETE,<br><br>          Petitioner,<br><br>  v.<br><br>SECRETARY OF HOMELAND SECURITY, et al.,<br><br>          Respondent. | Case Nos. SACV 16-0003 GW (SS)<br>          SACV 16-0112 GW (SS)<br><br>**MEMORANDUM DECISION AND ORDER:**<br><br>**(1) CONSOLIDATING CASES; AND**<br><br>**(2) APPOINTING COUNSEL** |

On December 28, 2015, Cesar Paz Negrete ("Petitioner"), then a federal immigration detainee proceeding pro se, constructively filed two Petitions for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (See Paz-Negrete v. Sec. Homeland Security, C.D. Cal. SACV 16-0003 GW (SS) (the "003 Petition"), and Paz-Negrete v. Sec. Homeland Security, C.D. Cal. SACV 16-0112 GW (SS) (the "112 Petition").[1] Both Petitions name the "Secretary of Homeland

---

[1] Under the "mailbox rule," a pro se prisoner's pleading is deemed filed on the date the prisoner delivers it to prison authorities for mailing to the court clerk, not the date on which the pleading may be received by the court. See Houston v. Lack, 487 U.S. 266, 270 (1988). Absent other proof, the Ninth Circuit deems a habeas "petition constructively 'filed' on the date it is signed."

Security" and "Immigration and Customs Enforcement" as joint respondents. (003 Petition, Dkt. No. 1 at 1-2; 112 Petition, Dkt. No. 1 at 1-2). In addition, both Petitions implicate Petitioner's 2014 conviction for assault with a deadly weapon other than a firearm (Cal. Penal Code § 245(a)(1)), for which Petitioner was sentenced, following a jury trial, to a three-year term in state prison. (003 Petition, Dkt. No. 1 at 2; 112 Petition, Dkt. No. 1 at 2).

The 003 Petition ostensibly challenges Petitioner's 2014 conviction. In the final version of Petitioner's claims, the 003 Petition raises four grounds for federal habeas relief, based on: (1) the trial court's failure to give a requested jury instruction; (2) ineffective assistance of trial and appellate counsel; (3) Petitioner's unknowing waiver of the right to testify; and (4) prosecutorial misconduct during closing argument. (003 Petition, Dkt. No. 19, at 5-6). The 112 Petition raises one ground for federal habeas relief, alleging that DHS improperly obtained an immigration detainer based on Petitioner's 2014 conviction, even though the conviction was still under appeal and "[t]he possibility

---

Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); see also Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) ("We assume that [petitioner] turned his petition over to prison authorities on the same day he signed it and apply the mailbox rule."). Although the Court received the Petitions in the 003 Petition and the 112 Petition three weeks apart, both were executed on December 28, 2015. Because neither Petition attached a proof of service, the Court adopts the date the Petitions were signed as their constructive filing date.

2

of proving [Petitioner's] innocence still exists."[2] (112 Petition, Dkt. No. 1 at 4). According to evidence submitted in both the 003 Petition and the 112 Petition, Petitioner was deported to Mexico on May 23, 2017. (003 Petition, Dkt. No. 33 at 2, 5; 112 Petition, Dkt. No. 19 at 2, 5). While Petitioner's address of record remains a private residence in Santa Ana, California, the return address on the envelope containing his most recent communication with the Court appears to be a private residence in Tijuana, Mexico. (003 Petition, Dkt. No. 30 at 2). Although the Court entered judgment in the 112 Petition in November 2017 based on Petitioner's apparent failure to prosecute, (id., Dkt. No. 24), on February 6, 2018, the Court vacated that judgment and re-opened the case. (Id., Dkt. No. 25).

Pursuant to Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). "A district court generally has 'broad' discretion to consolidate actions," which is reviewed under an abuse of discretion standard. Pierce v. Cnty. of Orange, 526 F.3d 1190, 1203 (9th Cir. 2008); see also Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California, 877 F.2d 777, 777 (9th Cir. 1989) (broad discretion to consolidate actions pending in the same district).

---

[2] The Court notes that its initial order dated February 22, 2016 advised Respondent that "[w]here the Petitioner challenges a final order of removal, Respondent SHALL NOT remove Petitioner prior to the resolution of this action without providing reasonable notice to the Court." (Dkt. No. 3 at 2, ¶ 3). A review of the docket indicates that Respondent failed to comply with this aspect of the Court's Order.

3

Although Petitioner split his claims into the 003 and 112 Petitions, the issues they raise are intertwined. Reading the 003 and 112 Petitions together, Petitioner appears to contend that he was improperly detained because the purported justification for his detention was an invalid underlying conviction. The Ninth Circuit instructs that "'[a] habeas petition challenging the underlying conviction is never moot simply because, subsequent to its filing, the petitioner has been released from custody.'" Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003) (quoting Chacon v. Wood, 36 F.3d 1459, 1463 (9th Cir. 1994) (finding that as long as there is a possibility of collateral consequences from a conviction, the release of a prisoner does not moot his habeas petition)). Furthermore, the Ninth Circuit has also found that a petitioner's deportation does not automatically render his claim moot. Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007) (citing Chacon and Zegarra-Gomez v. INS, 314 F.3d 1124, 1126-27 (9th Cir. 2003)). Accordingly, in the interest of judicial economy and to avoid unnecessary costs or delay, the Court ORDERS that these actions are consolidated as one action under case number SACV 16-0003 GW (SS).

Furthermore, based upon its review of the Petitions, the Court finds that Petitioner's claims raise complex issues of law and fact that would be difficult to litigate pro se in light of Petitioner's removal to Mexico while his claims were pending. Accordingly, the Court concludes that the interests of justice would be served by the appointment of counsel here. The Court has the inherent

4

authority under 18 U.S.C. § 3006A to appoint counsel in these circumstances.

Accordingly, the Federal Public Defender for the Central District of California is hereby appointed as counsel for Petitioner in this consolidated matter, for the purpose of addressing the mootness contention as well as the underlying merits. The Federal Public Defender is directed to immediately make arrangements with the court clerk to review the files and secure copies of whatever is necessary in order to properly consult with and advise Petitioner regarding the viability of his claims and his legal options at this juncture. The attorney assigned to this matter shall enter a Notice of Appearance as soon as possible, but no later than **ten days** from the date of this Order.

**The Court sets a telephonic status conference for March 13, 2018 at 11:00 a.m.** A separate order will issue with call-in instructions.

IT IS SO ORDERED.

DATED: February 27, 2018

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE